FILED
SHELBY COUNTY
CHANCERY COURT
JUN 2 6 2009
DEWUN R. SETTLE, C & M
TIME:_____ BY:_____

IN THE CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT
SHELBY COUNTY, TENNESSEE

|  |  |  |
|---|---|---|
| DELORIS LINDSEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | NO. _CH-09-1368-2_ |
| | ) | |
| MEMPHIS LIGHT, GAS AND | ) | |
| WATER DIVISION, CITY OF | ) | |
| MEMPHIS, | ) | |
| | ) | |
| Defendant | ) | |

---

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

TO THE CHANCELLORS OF THE CHANCERY COURT FOR THE THIRTIETH
JUDICIAL DISTRICT:

Plaintiff, Deloris Lindsey, by and through undersigned counsel, states the
following in support of her claim for injunctive and declaratory judgment relief against
Defendant Memphis Light, Gas and Water Division of the City of Memphis (hereinafter
"MLGW"):

### I. PARTIES

1. Plaintiff, Deloris Lindsey, is a 64 year old natural person residing at 1821 West
Holmes Road, Memphis, Shelby County, Tennessee, 38109. Ms. Lindsey is a disabled
widow and her sole income consists of Social Security disability benefits in the amount
of $614.00 per month and an MLGW widow's pension in the amount of $1658 per
month.

2. Defendant MLGW is a municipally owned public utility company, operated by
the City of Memphis as provided pursuant to T.C.A. §§7-34-101 *et seq.* Its principal

1

place of business is located at 220 S. Main Street, Memphis, Shelby County, Tennessee, 38103.   T.C.A. §7-34-103 empowers the City of Memphis to establish and administer Defendant  MGLW as the sole provider of utility services "for the use and benefit of the consumers served" and not as a source "for gain or profit."

## II.  JURISDICTION AND VENUE

3.  This action is one for declaratory judgment pursuant to T.C.A. §§29-14-101 *et seq.* to interpret and declare Plaintiff's contract rights to utility services and to declare and enjoin further violation of her Constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution pursuant to the Civil Rights Act of 1871, codified at 42 U.S.C. §1983.   This Court has jurisdiction over such matters pursuant to T.C.A. §16-11-102 and T.C.A. §29-14-102.

4.  Venue in this court is proper as defendant MLGW is located in Shelby County, Tennessee, Plaintiff resides in Shelby County and the cause of action arose in Shelby County.

## III. STATEMENT OF FACTS

5.  Plaintiff Deloris Lindsey and her now deceased husband, Thomas H. Lindsey, purchased the premises located at 1821 West Holmes Road, Memphis, Tennessee 38109 on or about February 10, 1978, over 30 years ago. (See Warranty Deed attached as Exhibit A)   Following her purchase of the home, Plaintiff and her husband moved in and contracted with MLGW to provide electrical, gas and water utility services to that location under account number 00047-3691-1444-223.  Following Mr. Lindsey's death in 2003, the account was placed in Plaintiff's name and the account number was changed to 00066-1093-1444-223.

6. On or about March 30, 2007, Plaintiff agreed to help her daughter Sonya Soto and son-in-law Cesar Soto to obtain utility services at 6621 Mistletoe Cove, Memphis, Tennessee where the daughter and son-in-law were living, along with their five minor children. Because the daughter and son-in-law could not qualify for utility services on their own, Plaintiff contracted with MLGW for utility services for them at 6621 Mistletoe Cove, Memphis, Tennessee 38141 under account number 00066-1093-1355-597.

7. The residential service agreement for utility services at 6621 Mistletoe Cove states that Plaintiff would be moving there. Ms. Lindsay continued to reside at her home, located at 1821 West Holmes Road and never resided at the 6621 Mistletoe Cove residence, except for a brief one week stay following her discharge from the hospital for purposes of recuperation from surgery.   Cesar Soto and his wife had promised Plaintiff that they would be responsible for paying the utility bill at 6621 Mistletoe Cove and the bill for utility services was sent to that residence, albeit in Plaintiff's name.

8. Upon information and belief, Defendant MLGW did not follow its ordinary residential deposit procedures when processing Plaintiff's application for utility services at 6621 Mistletoe Cove. Pursuant to Defendant's own policies, Plaintiff should have posed an unacceptable credit risk. Plaintiff had filed a petition for relief in bankruptcy court in 2005 and her case was still active as of March 30, 2007, with MLGW listed as a creditor. (See Exhibit B attached). The utility bill that had been sent out on March 16, 2007 showed a past due amount of $433.00 for utility services at the 1821 Holmes address. For at least a 12 month period prior to this application for additional service at 6621 Mistletoe, Plaintiff had been in arrears and carrying a past due balance at 1821 Holmes Road. Despite the fact that MLGW allegedly believed that Plaintiff was moving

to 6621 Mistletoe Cove, the utility service remained on at 1821 Holmes Road and Plaintiff was not required to provide any documentation to establish that she was actually moving to 6621 Mistletoe Cove.

9.  Beginning in May, 2007, the account for utility services at 6621 Mistletoe Cove was in arrears and cut off notices were mailed to that address on May 14, 2007, July 14, 2007, August 14, 2007 and September 12, 2007.  In order to help her daughter and son-in-law avoid termination of utility service, Plaintiff gave them $414.45 in July and $700 in August which enabled them to pay enough on the utility bill to keep the utilities on.  Plaintiff, however, could not afford to pay for the utilities at both her home and at this location.  Following the $700 payment in August, no further payments were made for utility services at 6621 Mistletoe Cove.

10.  On October 11, 2007, a cut off notice was mailed to 6621 Mistletoe Cove requiring payment of $414.06 on or before October 19, 2007 to avoid termination of utility service. (See Exhibit C attached)  Despite the fact that no payment was made, utility services were not disconnected.

11.  On November 10, 2007, December 13, 2007, January 14, 2008, February 12, 2008, March 13, 2008, April 15, 2008, May 14, 2008, June 13, 2008, July 15, 2008, August 13, 2008,  September 13, 2008 and October 15, 2008 additional cut off notices were mailed to 6621 Mistletoe Cove.  Despite the fact that no further payments were ever made, utility services were not disconnected and the balance owing on the account continued to grow until it reached $2682.94.

12.  According to the records produced by MLGW, all utilities were finally disconnected  at 6621 Mistletoe Cove on or about October 28, 2008.  Plaintiff's daughter

and five grandchildren left Mr. Soto and moved in with Plaintiff at 1821 W. Holmes.

13. Defendant MLGW's records indicate that illegal electrical utility usage was found at the 6621 Mistletoe Cove address in December, 2007 and confirmed again in February, 2008. Despite this and despite the continued nonpayment, MLGW still failed to disconnect all utility services at the 6621 Mistletoe Cove address. Upon information and belief, this failure to terminate the utility services was in violation of Defendant's own policy designed to address nonpayment and illegal utility usage.

14. Plaintiff Deloris Lindsey has no personal knowledge concerning this illegal activity; she did not participate in it, was not aware of it at the time it occurred, and nothing in the MLGW records implicates her or suggests that she was a participant in such activity.

15. Because Plaintiff is elderly and disabled and lives on a fixed income, it is a challenge for her to pay her own utility bills. Plaintiff's MLGW bill for December 18, 2008 shows that the utility bill for the premises located at 1821 West Holmes was in arrears, despite Plaintiff's partial payment in the amount of $164.00. (See December 18, 2008 MLGW bill attached as Exhibit D). Since Plaintiff is both elderly and handicapped, she qualifies for MLGW's Elderly/Handicapped Winter Moratorium program, and is thereby relieved of any threat of utility disconnection for the period from December 1 through the end of February. However, because she "has a history of bankruptcy," Plaintiff was not eligible for the On Track Program offered by MGLW. (See On Track Rejection letter dated December 18, 2008, Exhibit E).

16. As already alleged above, the delinquent bill for the Mistletoe Cove address, account number 00066-1093-1355-597 had risen to $2682.94. On Plaintiff's January 21,

2009 bill, this amount was transferred and added to account number 00066-1093-1444-223, the existing bill for utility services at Plaintiff's residence, located at 1821 West Holmes, for a total amount owed of $3935.73.  (See Transfer notice and bill, attached as Exhibits F-1, F-2).

17.  On the back of Plaintiff's billing statement (Exhibit F-2), a paragraph entitled "Disputed Bills" advises her as a customer to call the Customer Care Center at 544-MLGW (6549), to write to the MLGW Research Department at P.O. Box 430, Memphis, TN 38101 or email to mlgwcustomercare@mlgw.org if she should "dispute the accuracy of these charges."  Nowhere was Plaintiff advised that she had a right to a hearing, that any hearing procedure might be available or how to request a hearing to contest both the amount of the bill from the Mistletoe Cove address or the Defendant's decision to transfer that past due amount to her Holmes residence account. .

18.  Not knowing what else to do, Plaintiff contacted the MLGW Customer Care Center where she was told she owed the bill because it was in her name.  Unable to pay this amount on top of the bill for her own residential use, Plaintiff feared that she would be threatened with the cut off of the utilities at 1821 West Holmes on or about March 1, 2009, when the Winter Moratorium on disconnection would end.

19.  Plaintiff then contacted Memphis Area Legal Services and was referred to the University of Memphis Legal Clinic.  Counsel for Plaintiff sent a letter, dated February 27, 2009 to MLGW formally disputing the bill (see letter attached as Exhibit G) and particularly objecting to basing termination of Ms. Lindsay's utility service at 1821 West Holmes on the delinquent balance transferred from 6621 Mistletoe.

20.  On that same day, Plaintiff went to the main offices of Defendant MLGW and paid $400.00  toward  the undisputed portion of the bill for services at her residence at 1821 W. Holmes.  She paid another $400 in two installments before the end of March, 2009, which still left her with a balance to $3986.15.  (See Receipts attached at Exhibit H)

21.  Counsel for MLGW responded by Plaintiff's counsel's letter by placing a 30 day hold on termination of Plaintiff's utilities at 1821 West Holmes to permit the scheduling of a hearing on her dispute on or before the end of April, 2009.  Due to the lack adequate hearing procedures designed to guarantee against disconnection of utilities pending a hearing, Plaintiff's utilities were briefly terminated on April 28, 2009, but were reconnected the same day.

22.  A hearing was scheduled for June 9, 2009 at the offices of MLGW before a Hearing Committee consisting of Mr. Clinton Richardson, Manager, Customer Relations, Carlotta Burnette, Call Center Administrator and Bernice Martin, Acting Supervisor, Customer Advocacy Center.   The procedures employed by the Hearing Committee did not allow for either direct examination or for cross-examination of witnesses, witnesses were not sworn, and all witnesses were present and heard each other's testimony.

23.  Plaintiff's counsel was permitted to submit a substantial number of exhibits and to make a closing statement.  Through counsel, Plaintiff disputed her obligation to pay the balance of the account owing at 6621 Mistletoe Cove on grounds that MLGW had failed to disconnect the utility service in a timely fashion based on nonpayment and on its own discovery of illegal utility usage by parties other than Plaintiff.  Plaintiff's counsel further disputed MLGW's transfer of the balance of that account to the account

for Plaintiff's home, located at 1821 West Holmes Road on the grounds that it constituted a collateral account, unrelated to her own consumption of utilities.  Counsel for Plaintiff finally argued that it was inequitable and against public policy to require her to pay for utilities and particularly for stolen utilities, that she did not use or receive benefit from. Proof adduced at the hearing indicated that the real wrongdoers had financially exploited Plaintiff, who is elderly and disabled, and that these wrongdoers were known to MLGW as a result of the investigation conducted by MLGW's Revenue Protection division. Rather than prosecute them, MLGW had chosen instead to collect from and further victimize Plaintiff, effectively rewarding the wrongdoers for their criminal behavior.

24.  By letter dated June 11, 2009, the Hearing Committee determined that "there was sufficient evidence to support Memphis Light, Gas and Water Division's position." (Exhibit I).  No ruling was made on any of Plaintiff's arguments, all of which were apparently disregarded, and  no indication given of what standard the Committee was using to determine the sufficiency of the evidence.

25.  Termination of Plaintiff's utility services will result in irreparable harm to Plaintiff, who is elderly and whose home presently shelters not only herself but her five minor grandchildren.  She and the children have no where else to go but the home located on 1821 West Holmes, which will become uninhabitable in the event of disconnection of the utilities.  If the children become homeless, Plaintiff may have to relinquish custody of them to the State.  She further has no place else to store her perishable food items, which will be ruined in the event of disconnection of the utilities.  Plaintiff has no adequate remedy at law and will therefore suffer irreparable harm, damage and injury should the utilities be wrongfully disconnected.

IV. CAUSES OF ACTION

COUNT I

VIOLATION OF 42 U.S.C. §1983

26.  Plaintiff incorporates by reference the preceding paragraphs of this Complaint and alleges that Defendant MLGW has violated the Civil Rights Act of 1871, 42 U.S.C. §1983 in that it has deprived Plaintiff of constitutionally protected rights through its formal policies and regulations as well as its informal practices, procedures and customs.

27.  Per the City of Memphis Charter, through Priv. Acts 1939, ch. 381, §1, "Any municipal utility systems heretofore or hearafter acquired by the City of Memphis for the manufacture, production, distribution or sale of electricity, natural or artificial gas, or water, and the properties, agencies and facilities used for any such purpose or purposes, shall be under the jurisdiction, control and management of [the] Memphis light, gas and water division…"

28.  Defendant MLGW was created by an act of government to control and manage the utility system in Memphis, but unlike, for example, the Memphis Police and Fire Departments, it is not supported by government tax revenue, it has independent and separate board of commissioners, and it is not regulated by the city of Memphis and is exempted from regulation by the Tennessee Regulatory Authority (hereinafter "TRA") pursuant to T.C.A. §7-34-117.

29.  Although Defendant MLGW's jurisdiction over utilities in the Memphis area was authorized by an act of government, it is operated more like a corporation that generates revenue by collecting fees from users of utilities.  Thus, Defendant MLGW is

not immune to suit under the Governmental Tort Liability Act, T.C.A. §§29-20-101 *et seq.*

30.  At all times relevant in this case, Defendant MLGW was acting in its capacity as sole utility provider for the Memphis area in which Plaintiff resides.

31.  At all times relevant in this case, Defendant MLGW was acting under color of state law and its employees were acting within the scope of their employment.

<u>COUNT II</u>

<u>TEMPORARY INJUNCTIVE RELIEF – Disputed Bill</u>

32.  Plaintiff incorporates by reference the preceding paragraphs of this complaint and alleges that in contracts involving utility services, termination or disconnection of utility service for nonpayment is not permissible if a "bona fide dispute" exists concerning the correctness of the bill. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 10; 98 S. Ct. 1554, 1561 (1978);   *Trigg v. Middle Tennessee Electric Membership Corp.*, 533 S.W.2d 730 (Tenn. Ct. App. 1975); NATIONAL CONSUMER LAW CENTER, ACCESS TO UTILITY SERVICE, §11.3.5 *No Disconnect During Billing Dispute*, (2nd ed. 2001).

33.  The facts asserted above by Plaintiff concerning the bill for the premises located at 6621 Mistletoe constitute a bona fide dispute with respect to her liability for the delinquent charges attributable to account number 00066-1093-1355-597.

34.  Termination or disconnection of Plaintiff's utility services at her home address at 1821 West Holmes based on nonpayment of these disputed charges is therefore

a breach of the contract with MLGW, is in violation of the common law and should therefore be enjoined pending final resolution of the dispute.

COUNT III

TEMPORARY AND PERMANENT INJUNCTIVE RELIEF – Collateral Matter

35.  Plaintiff incorporates by reference the preceding paragraphs of this Complaint and alleges that in contracts involving utility services, termination or disconnection of utility service for nonpayment of collateral matters is prohibited under common law. NATIONAL CONSUMER LAW CENTER, ACCESS TO UTILITY SERVICE, §11.4 Disconnection of Service Based on "Collateral" Matter (2nd ed. 2001).   This prohibition arises out of public policy concerns relating to the fair operation of utility companies, which are quasi-public entities enjoying a monopoly franchise on the provision of essential services.

36.  A collateral matter is one that arises out of a) unrelated contracts between the customer and the utility company; b) nonpayment of services run by a separate business operated by the utility company; c) nonpayment of another person's utility bill; d) nonpayment of long-distance phone charges owed to another carrier and added to the local phone bill; and nonpayment of 900-number calls added to a local telephone bill. (*Id.*)

37.  Plaintiff's contract with Defendant MLGW for utility services at 6122 Mistletoe, account number 00066-1093-1355-597 constitutes a separate, unrelated obligation from her contract for utility services at 1821 West Holmes, account number 00066-1093-1444-223.

38. Transfer of the account balance for the premises at 6122 Mistletoe, account number 00066-1093-1355-597, to the account balance for the premises at 1821 West Holmes, account number 00066-1093-1444-223 for purposes of threatening Plaintiff with termination or disconnection of utility services at 1821 West Holmes for nonpayment of the charges is therefore in violation of the common law prohibition against termination or disconnection for nonpayment of collateral matters, and should be both temporarily and permanently enjoined.

COUNT IV

VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH

AMENDMENT TO THE UNITED STATES CONSTITUTION

39. Plaintiff incorporates by reference the preceding paragraphs of this Complaint and alleges that in the case of *Memphis Light, Gas and Water Division v. Craft*, 436 U.S. 1, 19, 98 S.Ct. 1554, 1565 (1978), the U.S. Supreme Court held that "due process of law requires an opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest." In *Craft*, the Court did not specify how elaborate the hearing process needed to be and in fact entertained the notion that within the context of Defendant's operation an informal process might be adequate given the high volume of minor disputes.

40. The complexity of the issues involved in Plaintiff's case, however, are not susceptible of informal resolution and instead suggest that a hearing process closer to that provided in a contested case under the Tennessee Administrative Procedures Act, T.C.A. §§4-5-301 *et seq.*, is required in order to adequately protect Plaintiff's constitutional

rights pursuant to the balancing test established by *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893 (1976).

41.   Defendant MLGW's existing procedures failed to provide Plaintiff with adequate notice of the availability of a hearing process for challenging a disputed bill, failed to provide Plaintiff with an impartial hearing officer, failed to provide Plaintiff with the opportunity to adequately confront and cross examine witnesses or to effectively present her own testimony with the assistance of counsel, and failed to render an order setting out findings of fact and conclusions of law sufficient to determine exactly what the ruling of the Hearing Committee was on all of the issues raised by Plaintiff, the Hearing Committee's basis for its ruling and the evidentiary standard employed.

42.   The foregoing procedural inadequacies constitute a violation of Plaintiff's constitutional right to due process pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, subjecting her to threat of erroneous termination of her utilities and irreparable harm in the event thereof.

## COUNT V

### VIOLATION OF EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

43.   The Plaintiff incorporates by reference the proceeding paragraphs of this Complaint and alleges that pursuant to T.C.A. §65-2-101 *et seq.*, public utility companies in the state of Tennessee are regulated by the Tennessee Regulatory Authority (hereinafter "TRA"), unless otherwise exempted.   In furtherance of its regulatory authority, the TRA has promulgated regulations governing Electric Companies, found at

Chapter 1220-4-4 of the Tennessee Administrative Rules.   These regulations contain

specific sections setting up guidelines governing appropriate reasons for denying or

discontinuing utility service which contemplate that failure to pay a bill for a collateral

matter shall not be sufficient grounds for denial of service.

44.  The TRA has also promulgated regulations, found at Chapter 1220-1-2 *et seq.*

governing the practice and procedure to be followed in contested cases brought before it

by consumers pursuant to the provisions of the Tennessee Uniform Administrative

Procedures Act, T.C.A. §§4-5-101 *et seq.*

45.  As a municipal utility, Defendant MLGW is exempted from regulation by the

TRA and has adopted no comparable rules and regulations to address such situations.

46. In the absence of promulgation of regulations comparable to those adopted by

the TRA, MLGW's failure to adhere to the statewide standard set by the TRA regulations

constitutes a violation of Plaintiff's right to equal protection as afforded by the Equal

Protection clause of the Fourteenth Amendment to the United States Constitution.  This

violation has subjected Plaintiff to threat of erroneous termination of her utilities and

irreparable harm in the event thereof.

COUNT VI

NEGLIGENCE

47.  The Plaintiff incorporates by reference the preceding paragraphs of this

Complaint and alleges that the terms of Plaintiff's contract with Defendant MLGW for

utility service at 6621 Mistletoe Cove were predicated upon and governed by the laws of

the state of Tennessee and the policies in effect at MLGW concerning its operation as a

municipal utility.

48.  Pursuant to those terms, Defendant MLGW had authority to refuse to have contracted with Plaintiff for utility services at 6621 Mistletoe Cove, on grounds of her poor record of payment at her home address, or to have terminated services at that location  for nonpayment of the bill as early as October 20, 2007.  Defendant's negligence in failing to do so, in violation of its own policies and procedures, resulted in the unpaid bill for utilities at this location accumulating from $414.06 to $2682.94.

49.  Plaintiff received no benefit from the utility services provided to 6621 Mistletoe Cove and was unaware that the bill was continuing to grow.  Defendant MLGW, on the other hand, had generated 13 cut off notices to the premises as well as conducted on-site investigation of illegal activity suspected to be taking place there. Defendant was thus well aware of the increasing bill and was the party in the best position to have prevented the financial loss that it now seeks to recoup from Plaintiff.

50.  Defendant had a duty to mitigate its own damages either by more carefully monitoring the opening of contracts for new utility service or by terminating the utility services at 6621 Mistletoe when the bill for such services remained unpaid by the October 19, 2007 due date set out in the first notice and no arrangements had been made to even attempt to satisfy the past due bill.

51.  Where one of two parties must suffer loss in a situation where both are arguably innocent, the party whose negligence occasions the loss should be the one to bear it.  Here Defendant MLGW's negligent failure to act promptly to protect its own interests enabled those who were actively engaged in theft from Defendant and financial exploitation of Plaintiff to continue their illegal activity while enjoying free utilities. Defendant's negligence resulted in a bill of $2682.94 being assessed against Plaintiff, an

elderly, disabled widow, who had been persuaded by her son-in-law and daughter to sign a contract to be responsible for utility services at 6621 Mistletoe Cove which she admittedly couldn't afford, based on their promises to her that they would pay the bill and not leave her liable for it.

52. Equity demands that Defendant's recovery and Plaintiff's liability under the 6621 Mistletoe Cove contract either be eliminated entirely, on grounds that she never should have qualified for such a contract in the first place or limited to $414.06, the amount owing as of the date the cut off notice was mailed back in October, 2007.

WHEREFORE, premises considered, Plaintiff respectfully requests the following relief:

1. Issuance of a preliminary, temporary and permanent injunction restraining and enjoining Defendant MLGW from transferring to Plaintiff's home account No. 00066-1093-1444-223 the $2682.94 or any other amounts attributable to utility usage at 6621 Mistletoe Cove, account No. 00066-1092-1355-597;

2. Issuance of a preliminary and temporary injunction restraining and enjoining Defendant MLGW from disconnecting or terminating utility services at her home, located at 1821 West Holmes Road, Memphis, Tennessee for nonpayment of any amounts associated with the bill for utility services at 6621 Mistletoe Cove until such time as Plaintiff has been afforded a hearing before this court on the merits of her bona fide dispute of the amount of the bill;

3. Issuance of a preliminary, temporary and permanent injunction enjoining Defendant MLGW from disconnecting or terminating utility services at 1821 West Holmes Road, Memphis, TN  based on nonpayment of any collateral

obligation that Plaintiff may be found to owe in connection with the premises located at 6621 Mistletoe Cove;

4. Issuance of a declaratory judgment declaring the rights and other legal relations of the Plaintiff Deloris Lindsey and Defendant MLGW pursuant to the contracts for utility services at 6621 Mistletoe and 1821 West Holmes;

5. Issuance of a declaratory judgment finding that Defendant MLGW's failure to properly advise Plaintiff of her right to a hearing to dispute the amount of her utility bill and further failure to conduct a procedurally adequate hearing following Plaintiff's request for same constitutes a violation of Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution;

6. Issuance of a declaratory judgment finding that the regulations concerning grounds for disconnection of utility services and the procedures for administrative hearings promulgated by the Tennessee Regulatory Authority establish a statewide due process standard and that Defendant MLGW's failure to adhere to this standard or to adopt one equivalent to it  violated Plaintiff's right to equal protection of the law as provided by the Fourteenth Amendment of the United States Constitution;

7. Issuance of a declaratory judgment finding Defendant MLGW negligently approved Plaintiff's application for residential services at 6621 Mistletoe Cove when Defendant had within its own records proof that Plaintiff was still in a bankruptcy and required no proof from her to document her claim that she would be moving to that address and terminating utility services at the 1821 West Holmes address, where her account had been in arrears for over a year;

8.  Issuance of a declaratory judgment finding Defendant MLGW negligently failed to terminate the utilities at 6621 Mistletoe Cove in a timely fashion, despite issuance of over a dozen cut off notices and an on-site inspection;

9.  Issuance of a declaratory judgment eliminating all liability on Plaintiff's part for payment of any of the remaining utility bill owing for utility usage at the premises located at 6621 Mistletoe Cove or in the alternative, limiting Plaintiff's liability to payment of the $414.06 owing as of the date of the first cut-off notice, sent October 11, 2007;

10. Issuance of a declaratory judgment awarding costs to Plaintiff.

11. Award to Plaintiff of such other and further relief to which she may be entitled and that is deemed appropriate by the Court.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE.

Respectfully Submitted,

_Donna S. Harkness_

Donna S. Harkness, BPR 7222
University of Memphis Legal Clinic
109 N. Main, 2nd Floor
Memphis, TN  38103
(901) 523-8822, ext. 407
dharknss@memphis.edu
Attorney for Plaintiff

STATE OF TENNESSEE )
                   ) ss
COUNTY OF SHELBY   )


### VERIFICATION AND PAUPER'S OATH

I, Deloris Lindsey, being first duly sworn, state under oath that the facts set forth

in the foregoing complaint are true to the best of my knowledge, information and belief. I

further state that owing to my poverty, I am unable to bear the expense of this cause, but

am justly entitled to the relief sought.

*Deloris Lindsey*

Sworn to and subscribed before me this ___25th___ day of ___June___,

2009.

*Donna S. Harkness*
NOTARY PUBLIC

My Commission Expires: ___MY COMMISSION EXPIRES: February 1, 2012___

Leatherwood, Shelby County Register of Deeds: Instr # M9...

## WARRANTY DEED

M9 2464

+Held For

| THIS INSTRUMENT PREPARED BY: | SEND TAX BILL TO: | MAP-PARCEL-NUMBER: |
|---|---|---|
| Larry M. Baker<br>Suite 900, 161 Jefferson<br>Memphis, Tennessee<br>38103 | McMan Mortgage Corporation<br>3100 Walnut Grove Rd., Suite 509<br>Memphis, Tennessee  38111 | 82-71-30 |

THIS INDENTURE, made and entered into this 10th day of February 19 78 by and between

Jimmie T. Clements and wife, Lilly F. Clements,

party of the first part, and

Thomas H. Lindsey and wife, Delois Lindsey,

party of the second part.

WITNESSETH: That for and in consideration of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt of all of which is hereby acknowledged, the said party of the first part has bargained and sold and does hereby bargain, sell, convey and confirm unto the said party of the second part the following described real estate, situated and being in City of Memphis County of Shelby State of Tennessee, to-wit:

Lot 157, Section C, Westwood Shores Subdivision as per plat of record in Plat Book 29, page 47, Register's Office, Shelby County, Tennessee, to which plat reference is hereby made for a more particular description, and being the same property conveyed to grantors herein by warranty deed of record at G6-8694, said Register's Office.

PROPERTY ADDRESS:  1821 W. Holmes Road

TO HAVE AND TO HOLD The aforesaid real estate, together with all the appurtenances and hereditaments thereunto belonging or in any wise appertaining unto the said party of the second part, his heirs, successors and assigns in fee simple forever.

And the said party of the first part does hereby covenant with the said party of the second part that he is lawfully seized in fee of the aforedescribed real estate; that he has a good right to sell and convey the same; that the same is unencumbered, except for 1978 city and county taxes, not yet due and payable; further subject to subdivision restrictions, building lines and easements of record in Plat Book 29, page 47, said Register's Office,

and that the title and quiet possession thereto he will warrant and forever defend against the lawful claims of all persons.

The word "party" as used herein shall mean "parties" if more than one person or entity be referred to, and pronouns shall be construed according to their proper gender and number according to the context hereof.

WITNESS the signature of the said party of the first part the day and year first above written.

*Jimmie T. Clements*
Jimmie T. Clements

*Lilly F. Clements*
Lilly F. Clements

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

STATE OF TENNESSEE, COUNTY OF SHELBY

Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared

Jimmie T. Clements and wife, Lilly F. Clements

to me known to be the person s described in and who executed the foregoing instrument, and acknowledged that the y executed the same for the purposes therein contained.

WITNESS my hand and Notarial Seal at office this 10th day of February 19 78

My commission expires   March 10, 1979   M 9 2 4 6 4

I, or we, hereby swear or affirm that to the best of affiant's knowledge, information, and belief, the actual consideration for this transfer, or value of the property transferred, whichever is greater, is $ 38,900.00 which is equal to or greater than the amount which the property transferred would command at an...

Affiant

Subscribed and sworn to before me this 10th day of February 19 78

STATE TAX 101.14
REGISTER'S FEE 50
RECEIVED 4.00
105.64
FEB 13  12 19 0 PH 78
STATE OF TENNESSEE
SHELBY COUNTY

| State tax | 101.14 |
|---|---|
| Register's fee | 50 |
| Recording fee | 4.00 |
| Total | 105.64 |

T.G.#

EXHIBIT A

Form 101 by
Chicago Title Insurance Company
311 North State Street
Memphis, Tennessee 38103

Case 05-26075   Doc 5-1   Filed 04/27/05   Entered 04/27/05 12:31:47   Desc 13mocntc
Page 1 of 3

U.S. Bankruptcy Court
200 Jefferson Avenue, Suite 413
Memphis, TN 38103
Telephone: (901) 328-3500

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

## NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 13
## OF THE BANKRUPTCY CODE,
## MEETING OF CREDITORS, AND FIXING OF DATES

Case Number:   05–26075   dsk
Date Filed (or Converted): 4/26/05

In re *(NAME OF DEBTOR)*
Deloris Denton Lindsey , xxx–xx–6353

ADDRESS OF DEBTOR(s):
1821 W. Holmes Road
Memphis, TN 38109–6065

NAME/ADDRESS OF STANDING CHAPTER 13
TRUSTEE
George W. Emerson Chapter 13
200 Jefferson Ave. Suite #1113
Memphis, TN 38103
Telephone Number: (901) 576–1313

NAME/ADDRESS OF ATTORNEY FOR DEBTOR
Karen R. Cicala
40 S. Main Street, Suite 2300
Memphis, TN 38103
Telephone Number: 901–529–9000

| DATE/TIME/LOCATION OF MEETING OF CREDITORS | DATE/TIME/LOCATION OF HEARING ON CONFIRMATION OF PLAN |
|---|---|
| May 26, 2005 12:00 PM<br>200 Jefferson Ave, Room 175, Memphis, TN 38103 | June 9, 2005 09:30 AM<br>200 Jefferson Ave, Room 645, Memphis, TN 38103 |

DEADLINE TO FILE A PROOF OF CLAIM:
(See Explanation on Reverse Side)

For Creditors Other Than Governmental Units: 8/24/05
For Governmental Units: 10/24/05

☑ The debtor has filed a plan        ☐ A plan has not been filed as of this date

FAILURE OF THE DEBTOR OR THE ATTORNEY FOR THE DEBTOR TO APPEAR AT THE SECTION 341(a) MEETING OF CREDITORS OR
FAILURE TO FILE THE SCHEDULES AND STATEMENT OF AFFAIRS WITHIN 15 DAYS AFTER THE ENTRY OF THE ORDER FOR RELIEF MAY
RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE. IN ADDITION, IN CHAPTER 13 CASES FAILURE OF THE DEBTOR TO
FILE THE PLAN WITHIN 15 DAYS FROM THE DATE OF THE FILING OF THE PETITION OR FAILURE TO COMMENCE MAKING PAYMENTS
PROPOSED BY A PLAN WITHIN 30 DAYS AFTER THE PLAN IS FILED MAY RESULT IN A DISMISSAL OF THE CASE WITHOUT FURTHER
NOTICE.

For the Court:   Jed G. Weintraub
Clerk of the Bankruptcy Court

4/27/05
Date

(SEE REVERSE SIDE)

EXHIBIT
B

NOTICE IS FURTHER GIVEN THAT:

COMMENCEMENT OF CASE. An individual's debt adjustment case under chapter 13 of the Bankruptcy Code ("Code") has been filed in this court by the debtor or debtors named on the reverse side, and an order for relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with the court, including lists of the debtor's property and debts, are available for inspection at the Office of the Clerk of the Bankruptcy Court.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom the debtor owes money. Under the federal bankruptcy laws, the debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions, repossessions, or wage deductions. Some protection is also given to certain codebtors of consumer debts. If unauthorized actions are taken by a creditor against a debtor, or a protected codebtor, the court may punish that creditor. A creditor who is considering taking action against the debtor or the property of the debtor, or any codebtor, should review Sec. 362 and 1301 of the Code and may wish to seek legal advice. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

MEETING OF CREDITORS. The debtor (both husband and wife in a joint case) is required to appear at the meeting of creditors on the date and at the place set forth on the reverse side labeled "Date/Time/Location of Meeting of Creditors" for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the debtor and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by oral notice at the meeting, without further notice to creditors and other parties of interest.

PURPOSE OF A CHAPTER 13 FILING. Chapter 13 of the Code is designed to enable a debtor to pay debts in full or in part over a period of time pursuant to a plan. A plan is not effective unless approved by the bankruptcy court at a confirmation hearing. Creditors will be given notice in the event the case is dismissed or converted to another chapter of the Code.

PROOF OF CLAIM. Except as otherwise provided by law, in order to share in any payment from the estate, a creditor must file a proof of claim by the date set forth on the reverse side labeled "Filing Claims." The place to file the proof of claim, either in person or by mail, is: (The address is stated below.) Proof of claim forms are available in the clerk's office of any bankruptcy court.

*(Western Division: at Memphis) United States Bankruptcy Court Western District, 200 Jefferson Ave., Memphis, TN 38103 (901)328–3500

*(Eastern Division: at Jackson) United States Bankruptcy Court, 111 S. Highland, Jackson, TN 38301,(731) 421–9300

(SEE REVERSE SIDE)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

In re:                                              Case No.
                                                    Chapter 13

Debtor(s).

## Chapter 13 Proof of Claim

Name of Creditor:_____

Street Address:_____

City, State, Zip Code:_____

Creditor's Accounts Number (if any):_____

Chapter 13 Trustee's Number Assigned to Creditor (if known) _____

1. Unpaid principal or unpaid amount of judgement. This amount cannot contain future unmatured (ie., post–bankruptcy) interest. Interest will be computed by the Chapter 13 Trustee's Office as provided for in plan. the Rule of 78's may be used in rebating interest or finance charges. Real estate mortgage claims should include only arrearage amounts.

$_____

2. Other charges that may be allowable. (Examples include insurance charges, foreclosure fees and expenses, repossession expenses, etc.)

   Explain:_____        $_____

3. Total Claim (add1 and 2 above).                           $_____

4. If judgement, amount $_____ , date_____,docket# and court _____

5. Type of debt: secured [], unsecured prority [], or unsecured non–priority[]. A secured creditor should attach a copy of the security instrument, promissory note, and certificate of title (automobile liens). An unsecured creditor should attach a statement of the invoice, note, or the like.

6. Execution below hereby asserts a claim by the creditor against the debtor or this estate in the amount above. The creditor states that there are no set–offs or counter–claims which the debtor may have and that the undersigned is authorized to file this proof of claim.

_____        _____
Date                                     Signature

Mail the original claim and attachments to:
Memphis Cases:

U.S. Bankruptcy Court Western District of Tennessee
200 Jefferson Ave. Suite 413
Memphis, TN 38103

The claim preferably should be received by the time of the first meeting of creditors.

**PENALTY FOR FRAUDULENT CLAIMS IS A FINE UP TO $500,000.00 OR IMPRISONMENT UP TO 5 YEARS, OR BOTH, SEE 18 U.S.C. && 152 AND 3571.**

**BAE SYSTEMS** 6075   Doc 8   Filed 04/29/05   Entered 04/30/05 01:49:15   Desc Imaged
Certificate of Service   Page 2 of 2

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

District/off: 0651-2                    User: tina                    Page 1 of 1                    Date Rcvd: Apr 27, 2005
Case: 05-26075                         Form ID: pdf008               Total Served: 23

The following entities were served by first class mail on Apr 29, 2005.
db              Deloris Denton Lindsey,    1821 W. Holmes Road,    Memphis, TN 38109-6065
aty            +Karen R. Cicala,    40 S. Main Street, Suite 2300,    Memphis, TN 38103-5523
tr             +George W. Emerson Chapter 13,    200 Jefferson Ave. Suite #1113,    Memphis, TN 38103-2360
27434861        Alliance Collections,    P.O. Box 49,    Tupelo, MS 38802-0049
27434862        Baptist Memorial Hospital,    6019 Walnut Grove Road,    Memphis, TN 38120-2113
27434863       +Baptist Memorial Hospital-Desoto,    7601 S. Crest Parkway,    Southaven, MS 38671-4742
27434864       +Bell South Regional Bankruptcy,    301 West Bay Street,    Room 12DD1,    Jacksonville, FL 32202-5184
27434865        Bob Patterson, Trustee,    Attn:  Jim Martin,    P.O. Box 2751,    Memphis, TN 38101-2751
27434866       +Cash Depot,    4226 Winchester,    Memphis, TN 38118-5054
27434867       +City of Memphis Treasurer,    125 N. Main Street,    Memphis, TN 38103-2080
27434868       +Delta Medical Center,    3000 Getwell,    Memphis, TN 38118-2299
27434869        Franklin Collection Service,    P.O. Box 3910,    Tupelo, MS 38803-3910
27434870       +Germantown Minor Medical,    2018 Germantown Road South,    Germantown, TN 38138-2844
27434871       +Internal Revenue Service,    801 Broadway, MDP 146,    Attention: Insolvency Section,
                 Nashville, TN 37203-3816
27434872       +Medical Financial Services,    5100 Poplar Avenue,    Suite 2020,    Memphis, TN 38137-2011
27434873        Memphis Light Gas and Water,    P.O. Box 430,    Memphis, TN 38101-0430
27434874       +Nova Star Mortgage,    P.O. Box 2900,    Mission, KS 66201-1300
27434876       +RehabWorks,    P.O. Box 382742,    Germantown, TN 38183-2742
27434877       +Robinson, Regan & Young, PC,    260 Cumberland Bend,    Nashville, TN 37228-1804
27434878        Spiegel,    FCNB Processing Center,    P.O. Box 5811,    Hicksville, NY 11802-5811
27435606       +US Attorney,    200 Jefferson Ave., Suite 811,    Memphis, TN 38103-2373
27435607       +US Attorney General,    C/O USDOJ Tax Division,    P.O. Box 14198,    Ben Franklin Station,
                 Washington, DC 20044-4198

The following entities were served by electronic transmission on Apr 27, 2005 and receipt of the transmission
was confirmed on:
27434875        E-mail: ebn@phinsolutions.com Apr 27 2005 23:32:11     Plaza Associates,    P.O. Box 18008,
                 Hauppauge, NY 11788-8808
                                                                                              TOTAL: 1

            ***** BYPASSED RECIPIENTS *****                                                   TOTAL: 0
NONE.

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner
shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 29, 2005                          Signature:   *Joseph Speetjens*

CLOSED, FEESPAID, CONVERTED, DISCHARGE

## U.S. Bankruptcy Court
## Western District of Tennessee (Memphis)
## Bankruptcy Petition #: 05-26075

|  |  |
|---|---|
| *Assigned to:* David S. Kennedy | *Date filed:* 04/26/2005 |
| Chapter 7 | *Date converted:* 06/01/2007 |
| Previous chapter 13 | *Date terminated:* 09/24/2007 |
| Voluntary | *Date discharged:* 09/14/2007 |
| No asset |  |

**Debtor**                                                           represented by **Karen R. Cicala**
**Deloris Denton Lindsey**                                                    40 S. Main Street, Suite 2300
1821 W. Holmes Road                                                  Memphis, TN 38103
Memphis, TN 38109-6065                                               901-529-9000
SSN / ITIN: xxx-xx-6353                                              Fax : 901-529-1233
                                                                     Email: kcicalaw@hotmail.com

**Trustee**
**George W. Emerson Chapter 13**
200 Jefferson Ave. Suite #1113
Memphis, TN 38103
(901) 576-1313
*TERMINATED: 07/01/2006*

**Trustee**
**George W. Stevenson Chapter 13**
5350 Poplar Avenue, Suite 500
Memphis, TN 38119-3699
(901) 821-2400
*TERMINATED: 06/04/2007*

**Trustee**
**Norman P. Hagemeyer**
6801 Summer Avenue, Suite 106
Memphis, TN 38134
(901) 382-5911

*U.S. Trustee*
**U.S. Trustee**
Office of the U.S. Trustee
One Memphis Place
200 Jefferson Avenue, Suite 400
Memphis, TN 38103
Tax ID / EIN: ust

# CUT OFF NOTICE

Date: October 11, 2007

Amount Due: **$414.06**
Due Date: **October 19, 2007**

Customer Name:     DELORIS D LINDSEY

Service Address:     6621 MISTLETOE CV

Account Number: **00066-1093-1355-597**

## IMPORTANT NOTICE

To avoid disconnection of services, a payment of $414.06 must be received by close of business **October 19, 2007**.

If your services are disconnected, a reconnection fee will be billed after services are restored. An additional deposit may also be required.

For convenience, you can pay by check or credit card payment via telephone by calling 1-888-589-4868, or on the Internet at www.mlgw.com. Also, you can pay by cash at any Exxon Tigermarket location. Additional charges will apply.

Remember to include your MLGW account number on your check or money order. If payment has been made, please disregard this notice.

Contact:

| | |
|---|---|
| New Service Requests, Transfers, Disconnects and Trouble/Maintenance | 820-7878 |
| Billing Inquiries, Payment Arrangements and Service Reconnects | 544-MLGW (6549) |
| Hours: Monday – Friday 7AM – 9:00PM | |

Cycle:          19

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.

Please be sure address on the reverse side appears in the window of the envelope.

Amount Due: **$414.06**
Due Date: **October 19, 2007**

Account Number: **00066-1093-1355-597**

## CUT OFF NOTICE

53007234

381418420216
DELORIS D LINDSEY
6621 MISTLETOE CV
MEMPHIS TN 38141-8420

## EXHIBIT
### C

000661093  1355597  1020071019 0000000000  00000041406 3



**MEMPHIS LIGHT,
GAS AND WATER
DIVISION**

*I have Lived here
For over 30yr.*

For: DELORIS D. LINDSEY

**\* CASH ONLY CUSTOMER \***

Services at: 1821 W HOLMES RD

*page 1 of 2*

UTILITY BILL
Date: December 18, 2008

Amount Due: **$ 778.70**
Due Date: **January 8, 2009**

Meter reader on site on
December 17, 2008 at 09:55.    **Account Number: 00056-1093-1444-223**

---

| | | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|---|
| Previous Balance | | | | | $ 520.51 | |
| Payments Received | | | | | 164.00 | |
| Balance Forward | | | | | | 356.51 |
| **GAS** | | 12/17/08 | 11/17/08 | | | |
| G-1 Residential Gas | | 9072 | 8898 | 174 | 190.73 | |
| includes Purchased Gas Adjustment of -0.0040000/ccf | | | | | | 190.73 |
| **ELECTRIC** | | 12/17/08 | 11/17/08 | | | |
| E-1 Residential Electric | | 68709 | 67322 | 1387 | 134.94 | |
| includes TVA Fuel Cost Adjustment of 0.0190200/kwh | | | | | | 134.94 |
| **WATER** | | 12/17/08 | 11/17/08 | | | |
| W-1 Residential Water | | 2470 | 2442 | 28 | 36.68 | |
| 9.25% Sales Tax | | | | | 3.39 | 40.07 |
| **OTHER MLGW** | | | | | | |
| Gas Late Fee | | | | | 5.45 | |
| Electric Late Fee | | | | | 7.16 | |
| Water Late Fee | | | | | 1.24 | 13.85 |

**Please Note:**
As a participant in the Winter Moratorium Program for Elderly/Handicapped, you are not subject to non-pay disconnection from December 1 through the end of February. We encourage you to keep your bill current to prevent undue economic hardship at the end of the moratorium.

**Service:**

| | |
|---|---|
| Days of Service | 30 |
| Average Utility Cost per Day: | $ 14.07 |
| Average Temperature: | 43 |
| Billing Cycle: | 14 |
| **Next Reading Date:** | **January 20, 2009** |

**Contact:**

| | |
|---|---|
| Non-MLGW | See back of bill. |
| New Service Requests, Transfers, Disconnects and Trouble/Maintenance | 820-7878 |
| Billing Inquiries, Payment Arrangements and Service Reconnects | 544-MLGW (6549) |

Hours: Monday – Friday 7AM – 7PM

My Account Access Code: 864515
Pay Online!    **www.mlgw.com**
Pay By Phone!    1-888-589-4868
**PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY.**
\* Cash Only Customer: Your payment options are limited to cash, money order or credit card.

**Current charges are continued on the reverse side.**

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.

C

---



**MEMPHIS LIGHT,
GAS AND WATER
DIVISION**

Please be sure return address appears in the window of the envelope.

Amount Due: **$ 778.70**
Due Date: **January 8, 2009**

If received later, amount due is $796.82

**Account Number
00066-1093-1444-223**

#BWNDHFL
#65553670121/7# B001 71918873          007396

DELORIS D. LINDSEY
1821 W HOLMES RD
MEMPHIS TN 38109-6065

Memphis Light Gas and Water Division
P.O. Box 388


EXHIBIT
D

Memphis, TN 38145-0388



# On Track

### MEMPHIS LIGHT, GAS AND WATER DIVISION

Date  12/18/08

Dear  Ms. Lindsey                    :

Thank you for your interest in MLGW's On Track Program. I regret to inform you that your application was not accepted for the following reason(s):

☐    Application was not filled out completely (i.e. supportive documents not included with application)

☐    Applicant did not meet On Track requirements (i.e. utility bill does not exceed $600, insufficient income, does not meet low-income requirements, etc.)

☐    Applicant has a block on their account due to utility theft

☐    Applicant has more than one active account

☒    Applicant has a history of bankruptcy

☐    Applicant is a Life Support customer

☐    Applicant was previously enrolled in On Track.


If the reason for your rejection from the program changes, you may reapply at a later time.

Sincerely,

Stacey Greenberg
Community Relations Coordinator

EXHIBIT
E

P.O. Box 430  Memphis, Tennessee 38101-0430  Telephone (901) 528-4821

 

# MEMPHIS LIGHT, GAS AND WATER DIVISION

January 22, 2009

DELORIS D LINDSEY
1821 W HOLMES RD
MEMPHIS TN 38109–6065

*RE:* 00066–1093–1444–223

Dear DELORIS D LINDSEY:

Memphis Light, Gas and Water appreciates you as a customer and strives to provide quality customer service to meet your utility needs.

This letter is to inform you that final bill charges from your closed account(s) have not been paid within the 15–day period and, therefore, have been transferred to an open utility account, referenced above. The MLGW bill reflecting these charges has been sent separate from this letter. The following information will help you determine where the unpaid final charges originated, so you can adjust your records.

| ACCOUNT # | ADDRESS | AMOUNT |
|---|---|---|
| 661093–1355597 | 6621 MISTLETOE CV | $2,682.94 |
| | **TOTAL TRANSFER AMOUNT:** | **$2,682.94** |

These unpaid charges are now part of your current bill and are due on the date noted on your MLGW statement. If you have any questions regarding these charges, please call the appropriate customer assistance number listed on your utility bill. Thank you for your cooperation.

Sincerely,

Memphis Light, Gas and Water

#BWNDHFL
#65554849673/1# B015 73294953          007399

DELORIS D LINDSEY
1821 W HOLMES RD
MEMPHIS TN 38109–6065


EXHIBIT
F-1



1 of 2

# MEMPHIS LIGHT, GAS AND WATER DIVISION



UTILITY BILL
Date: January 21, 2009

Amount Due: $ 3,935.73
Due Date: **February 6, 2009**

For: DELORIS D. LINDSEY          **\* CASH ONLY CUSTOMER \***

Services at: 1821 W HOLMES RD

Meter reader on site on
January 20, 2009 at 09:41.

Account Number: 00066–1093–1444–223

| | | | Readings | | Usage | Amount | Total |
|---|---|---|---|---|---|---|---|
| Previous Balance | | | | | | $ 778.70 | |
| Adjustments | | | | | | 2,682.94 | |
| Balance Forward | | | | | | | 3,461.64 |

| | | | | Readings | Usage | Amount | Total |
|---|---|---|---|---|---|---|---|
| **GAS** | | 1/20/09 | 12/17/08 | | | | |
| G–1 Residential Gas | | 9282 | 9072 | | 210 | 236.77 | |
| includes Purchased Gas Adjustment of 0.0460000/ccf | | | | | | | 236.77 |
| | | | | | | | |
| **ELECTRIC** | | 1/20/09 | 12/17/08 | | | | |
| E–1 Residential Electric | | 70358 | 68709 | | 1649 | 155.94 | |
| includes TVA Fuel Cost Adjustment of 0.0140000/kwh | | | | | | | 155.94 |
| | | | | | | | |
| **WATER** | | 1/20/09 | 12/17/08 | | | | |
| W–1 Residential Water | | 2488 | 2470 | | 18 | 23.58 | |
| 9.25% Sales Tax | | | | | | 2.18 | 25.76 |
| | | | | | | | |
| **OTHER MLGW** | | | | | | | |
| Gas Late Fee | | | | | | 9.54 | |
| Electric Late Fee | | | | | | 6.75 | |
| Water Late Fee | | | | | | 1.83 | 18.12 |

**Please Note:**
As a participant in the Winter Moratorium Program for Elderly/Handicapped, you are not subject to non–pay disconnection from December 1 through the end of February. We encourage you to keep your bill current to prevent undue economic hardship at the end of the moratorium.

## Service:
| | |
|---|---|
| Days of Service | 34 |
| Average Utility Cost per Day: | $ 13.94 |
| Average Temperature: | 43 |
| Billing Cycle: | 14 |
| Next Reading Date: | **February 18, 2009** |

## Contact:
Non–MLGW                              See back of bill.

New Service Requests, Transfers, Disconnects and Trouble/Maintenance          820–7878

Billing Inquiries, Payment Arrangements and Service Reconnects          544–MLGW (6549)

Hours: Monday – Friday 7AM – 7PM

My Account Access Code: 864515
Pay Online!     **www.mlgw.com**
Pay By Phone!    1–888–589–4868
PAYMENTS MUST BE RECEIVED BY 3:00 PM CENTRAL TIME TO POST SAME BUSINESS DAY.
\* Cash Only Customer: Your payment options are limited to cash, money order or credit card.

C

**Current charges are continued on the reverse side.**

If paying in person, please present both portions of bill.

Please detach and return in the enclosed envelope with payment.



# MEMPHIS LIGHT, GAS AND WATER DIVISION

Please be sure return address appears in the window of the envelope.

LFA: 0

Amount Due: **$ 3,935.73**
Due Date: **February 6, 2009**

If received later, amount due is $3,956.55

Account Number
00066–1093–1444–223

#BWNDHFL
#65554867240/6# B001 73341561          007330

DELORIS D. LINDSEY
1821 W HOLMES RD
MEMPHIS TN 38109–6065

Memphis Light Gas and Water Division
P.O. Box 388



EXHIBIT
F-2

Memphis, TN 38145–0388

THE UNIVERSITY OF
**MEMPHIS.**
February 27, 2009

Cecil D. Humphreys School of Law
Legal Clinic

109 N. Main Street, 2nd Floor
Memphis, Tennessee 38103

Office:   901.523.8822 ext. 409
Fax:      901.543.5087


Funded in part
by LSC

Memphis Light, Gas, and Water
245 S. Main St.
Memphis, TN 38103-3915

Attn: Joyce Akins, Credit Resolution Department

RE: Mrs. Deloris Lindsey, Your Account No. 661093-1355597; 00066-1093-1444-223

Our File No. 09E-21063139

To Whom It May Concern:

I hope this letter finds you doing well. I am writing to inform you that I have been retained by Mrs. Deloris Lindsey, customer of Memphis, Light, Gas and Water, to dispute a bill charged to her at 6621 Mistletoe Cove.

Mrs. Lindsey has never lived at 6621 Mistletoe Cove. Her daughter and son-in-law, Ceasar Soto, occupied the residence. Mrs. Lindsey never lived there, but signed for them to open an account with Memphis, Light, Gas and Water. Mrs. Lindsey says that she called Memphis Light, Gas and Water when the bill at the above address reached four-hundred dollars ($400.00) past due and asked that service be discontinued. Memphis Light, Gas, and Water did not comply with Mrs. Lindsey's request and the bill continued to mount.

Also at issue is the bill for Mrs. Lindsey's residence at 1821 W. Holmes Road, where she has lived for over thirty (30) years. She has gotten behind on her bill at 1821 W. Holmes Road due to issues relating to her mortgage, which are in the process of being resolved. She currently owes seven-hundred seventy-eight dollars and seventy cents ($778.70) for that residence. Mrs. Lindsey says that she will pay four-hundred ($400.00) on this bill on Friday, February 27, 2009.

My client says that she can pay her bill at 1821 W. Holmes Road, but is in not liable and not able to pay the bill at 6621 Mistletoe Cove.

My client believes that she is not responsible for the bill at 6621 Mistletoe Cove and that she is entitled to have those charges removed from her bill.

In the event that you are contemplating discontinuing Mrs. Lindsey's services you should be aware of Tenn. Comp. R. & Regs. 1220-4-4-.30, which states that service shall not be denied by failure to pay a bill as guarantor and Tenn. Comp. R. & Regs. 1220-4-4-.19, which states that service may not be terminated for failure to pay a portion of a bill that is being disputed.

**EXHIBIT**

G

I will be contacting you in the near future to discuss this matter.  If you have any questions in the meantime, you can reach me at (901) 523-8822, ext. 494. My office hours are generally Tuesdays and Thursdays from 9:30 a.m. until 1:00 p.m.  If I am not available when you call, please leave a message on my voice mail, and I will get back to you as soon as possible.

Sincerely,

Erin Young
Student Attorney
University of Memphis Legal Clinic

Cc:  Mrs. Deloris Lindsey
Cc:  Cheryl W. Patterson, General Counsel



BILL

## MEMPH LIGHT, GAS AND WATER DIVISION

0137 MAIN 502 02038   2/27/2009  3:21PM
DUPLICATE BILL Acct:000661093 1444223  00000000
Name:DELORIS                          00133045
        LINDSEY   ACCOUNT            00000000
Addr:1821          W    RD
        HOLMES
New Balance:       $3,905.51
0031 Partial Payment

CA                    $400.00
                      $400.00
CHANGE                  $0.00

661093 - 1444223

Deloris Lindsey

1821 W. Holmes

$400.00

---



## MEMPHIS LIGHT, GAS AND WATER DIVISION

0058 MAIN 502 02468   3/13/2009  11:58AM
DUPLICATE BILL Acct:000661093 1444223  00000000
Name:DELORIS        D              00099957
        LINDSEY   ACCOUNT            00000000
Addr:1821          W    RD
        HOLMES
New Balance:       $3,771.23
0031 Partial Payment

CA                    $200.00
                      $200.00
CHANGE                  $0.00

200

---

## MEMPHIS LIGHT, GAS AND WATER DIVISION

DUPLICATE BILL 0023 WHTB 535 01979   3/31/2009  10:10AM
Acct:000661093 1444223  000000000
Name:DELORIS  ACCOUNT D            00151270
        LINDSEY                    00000000
Addr:1821          W    RD
        HOLMES
New Balance:    $3,986.15
0031 Partial Payment

                      $200.00
CA                    $200.00
CHANGE                  $0.00



$200

BIT

H



**MLGW**   MEMPHIS LIGHT, GAS AND WATER DIVISION

June 11, 2009

Donna S. Harkness, CELA
Memphis Area Legal Services
Cecil C. Humphreys School of Law
207 Humphreys Law School
Memphis, TN 38152

Re: Ms. Deloris Lindsey: Customer Dispute Hearing 6/9/09

Ms. Harkness:

Thank you for meeting with our Customer Care Resolution Panel on June 9, 2009 on behalf of Ms. Deloris Lindsey, 6621 Mistletoe Cove.

Based on the testimony presented during the hearing, the Resolution Panel concluded that there was sufficient evidence to support Memphis Light, Gas and Water Division's position. The Residential Service Agreement executed on March 30, 2007 by Ms. Lindsey specifies that she will be responsible for the cost of utility consumption at the address in question.

The Hearing Committee recommends that Ms. Lindsey contact Ms. Jeneal Blackwell at 528-4307 to explore the possibility of external financial assistance.

Sincerely,

Clinton Richardson
Manager, Customer Relations

C:   Carlotta Burnette
     Fred (Skip) Jones
     Bernice Martin
     File



# FIAT

**STATE OF TENNESSEE**

**COUNTY OF SHELBY**

TO THE CLERK OF THE COURT:

Upon filing of the foregoing Complaint, issue the preliminary injunction restraining defendant from continuing to transfer to Plaintiff's home account No. 00066-1093-1444-223 the $2682.94 balance or any other amounts attributable to utility usage at 6621 Mistletoe Cove account No. 00066-1092-1355-597 and further from disconnecting or terminating utility services at 1821 West Holmes Road, Memphis, Tennessee, 38109 as requested in paragraphs 1, 2, and 3 of Plaintiff's requests for relief state in the Complaint above, said injunction to continue in force pending hearing to be held upon Plaintiff's application for temporary injunction pursuant to Rule 65.04 of the Tennessee Rules of Civil Procedure on the ___17th___ day of ___August___, 2009 at ___9:00___, ___P___ M., before Part ___II___ of this court.

**WALTER L. EVANS**

_____

CHANCELLOR       **BY INTERCHANGE**

DATE: ___26 June 2009___

A TRUE COPY-ATTEST

Dewun R. Settle, Clerk & Master

By _Tolissa Ibod_

D.C. & M.

20